**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 01-50393**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**MURPHY CURTIS CROCKETT,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Western District of Texas
(W-98-CR-100-ALL)
February 6, 2002

Before SMITH and DeMOSS, Circuit Judges, and LAKE, District Judge.[*]

PER CURIAM:[**]

On October 27, 1998, Murphy Curtis Crockett was convicted of possession with the intent to distribute crack cocaine. On direct appeal, this Court affirmed his conviction on January 7, 2000.

---

[*] United States District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On February 21, 2000, Crockett filed a *pro se* motion for new trial with the district court, alleging newly discovered evidence.[1] The district court denied Crockett's motion. We affirm.

On July 27, 1998, Alethea Drake told the police that Crockett had drugs in his car. A subsequent search of his vehicle revealed two bags of marijuana, small pocket scales, and a large amount of cocaine and crack cocaine.

Drake testified for the prosecution at Crockett's trial. Crockett's counsel cross-examined her extensively about whether she "planted" cocaine in Crockett's automobile because she was angry that he was with another woman. She consistently denied having planted any drugs. On October 27, 1998, Crockett was convicted of possession with the intent to distribute crack cocaine, and this Court affirmed his conviction on January 7, 2000.

On February 21, 2000, Crockett filed a *pro se* motion for new trial with the district court, alleging newly discovered evidence. Specifically, Crockett presented the court with Drake's recanting affidavit stating that she had planted drugs in Crockett's vehicle. The district court denied the motion, concluding that, based on a careful comparison of the trial evidence and the affidavit, the affidavit was not trustworthy. Crockett urges this Court to reverse the district court decision.

---

[1] Crockett also alleged that his counsel was ineffective, but he did not discuss this ground anywhere in the body of his motion.

Motions for new trial based upon newly discovered evidence are generally disfavored, and we review them with great caution. *United States v. Krenning*, 93 F.3d 1257, 1267-68 (5th Cir. 1996). We will reverse a district court's denial of a motion for new trial only upon finding a "clear abuse of discretion." *Id*. at 1268.

Here the district court was in the best position to gauge the credibility of the witnesses at trial and compare the trial testimony to the recanting affidavit. *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996) (deferring to district court's resolution of the conflict between trial testimony and recanting affidavit). We find no clear abuse of discretion in its conclusion that Drake's recanting affidavit was untrustworthy. Accordingly, we affirm the district court's denial of Crockett's motion for new trial.